**In the Matter of: Abraham S. ALTER, Esq.**

No. 07–8039.

United States Court of Appeals, Third Circuit.

Feb. 1, 2008.

Present: SCIRICA, Chief Judge, SLOVITER, McKEE, RENDELL, BARRY, AMBRO, FUENTES, SMITH, FISHER, CHAGARES, JORDAN and HARDIMAN, Circuit Judges.

### ORDER

ANTHONY J. SCIRICA, Chief Judge.

This matter has come before the Court, acting through its Standing Committee on Attorney Discipline. In accordance with Rule 10.3, *Third Circuit Rules of Attorney Disciplinary Enforcement,* the Committee issued a Report and Recommendation in regard to the possible imposition of disciplinary sanctions against Abraham S. Alter, Esquire (Alter).

The disciplinary proceeding was initiated when a panel of this Court in *Cruz v. Commissioner,* 244 Fed.Appx. 475 (3d Cir. 2007), referred the matter of Alter's conduct to the Committee pursuant to Rule 4.2. In light of this reference, the Committee issued an order to show cause dated September 24, 2007, directing Alter to explain why he should not be disciplined for alleged violations of Rules 2.3 and 2.4 of

the *Third Circuit Rules of Attorney Discipline Enforcement.* Alter filed a timely and comprehensive letter response dated October 22, 2007. In his response, Alter did not request to be heard in person or in mitigation as allowed by Rule 10.1, and consequently the Committee did not hold a hearing in this matter.

The panel in *Cruz* referred the matter to the Committee because of Alter's repeated use of intemperate language in briefs filed in this Court in social security disability cases when he was writing about the decisions of administrative law judges. The use of this language continued even after Alter had been reprimanded on several occasions for that conduct.

The Committee's order to show cause cited the cases referenced by the panel and included an appendix containing quotes from those, and other, offending briefs as well as an order striking a brief. Alter's response to the order to show cause did not contend that the quotations were inaccurate nor did he contend that they were taken out of context in the sense that they could not be understood fairly without reading additional portions of the quoted briefs or reading them in their entirety.[1]

Alter's response impressed the Committee. He took full responsibility for his actions and did not attempt to justify them. Rather, he explained the basis for his conduct and the frustration he has felt in representing applicants in social security disability cases who undoubtedly frequently have extremely limited means, are in bad health, and are perplexed about the proceedings. The Committee noted that while other attorneys are pursuing more lucrative areas of the law, Alter is performing a significant public service in representing social security disability claimants in a practice of law that cannot be financially rewarding. Moreover, there is nothing in the record in this case that possibly could suggest that Alter has not acted honestly or that he acted for any reason except in what he believed was the best interest of his clients.

Notwithstanding the mitigating circumstances, the Committee recommended that the Court publicly reprimand Alter. The Committee's view is that no matter what Alter's motivations may have been, until the Committee issued its order to show cause he repeatedly violated the directions of panels of this Court with respect to avoiding the type of attacks on administrative law judges that were characteristic of his briefs and he undoubtedly engaged in conduct unbecoming a member of the bar of this Court in violation of Rules 2.3 and 2.4. While the Committee indicates that it might have taken a different view if panels of the Court had not previously reprimanded Alter, it believes that a public reprimand is required here. It does not believe, however, that the Court should suspend Alter from the practice of law.

The Court having voted to accept and adopt the Committee's Report and Recommendation, it is hereby ORDERED that Abraham S. Alter, Esquire is hereby publically reprimanded for his intemperate and inflammatory language in his briefs filed in this Court and for failing to comply with prior directives of the Court concerning this conduct.

1. The Committee's Report, however, indicated that the briefs were considered in their entirety and the Court does so here. Alter's response to the order to show cause listed four cases which could not have been made part of the order to show cause but which will be considered part of the record in this matter. Those cases are: *Zonak v. Commissioner,* No. 07–3143, *Roderick v. Commissioner,* No. 07–2667, *Riordan v. Commissioner,* No. 07–3358, and *Orquera v. Commissioner,* No. 07–3361.

REPORT AND RECOMMENDATION
OF THE STANDING COMMITTEE
ON ATTORNEY DISCIPLINE

BEFORE: GREENBERG, Chairperson and AMBRO and FISHER, Circuit Judges.

This matter has come on before this court, acting through its Standing Committee on Attorney Discipline, following the Committee's issuance of an order to show cause dated September 24, 2007, directed to Abraham S. Alter to explain why he should not be disciplined for alleged violations of Rules 2.3 and 2.4 of the *Third Circuit Rules of Attorney Discipline Enforcement.* (Further references in this Report and Recommendation to a "Rule" are to the *Rules of Disciplinary Enforcement.*) Alter filed a timely comprehensive letter response dated October 22, 2007, to the order to show cause. In his response, Alter did not request to be heard in person or in mitigation as allowed by Rule 10.1, and consequently the Committee has not held a hearing in this matter.

The proceeding was initiated when a panel of this Court in *Cruz v. Commissioner,* 244 Fed.Appx. 475 (3d Cir.2007), referred the matter of Alter's conduct to this Committee pursuant to Rule 4.2 for the Committee to consider whether the Court should impose disciplinary sanctions against Alter. The reason for the reference was that Alter repeatedly has used intemperate language in his briefs in social security disability cases before this Court when writing about the decisions of administrative law judges. The order to show cause listed at least some of these cases and included an appendix quoting from the offending briefs as well as an order striking one of his briefs. In Alter's response he did not contend that the quotations were inaccurate nor did he contend that

they were taken out of context in the sense that they could not be understood fairly without reading additional portions of the quoted briefs or reading them in their entirety. Thus, as the appendix notes, "the quoted statements may have been taken out of substantive but not out of propriety context." The Committee, however, has prepared its order to show cause on the basis of its examination of the briefs. Should the Court wish to see the briefs the Committee quoted in the order to show cause, obviously they are available.

In the circumstances the record in this case consists of the order to show cause including the appendix and Alter's response as well as four briefs that he mentioned in footnote 1 of his response, that he filed on October 2, 2007, and to which the order to show cause dated September 24, 2007, could not refer. These four cases are *Zonak v. Commissioner,* No. 07–3143, *Roderick v. Commissioner,* No. 07–2667, *Riordan v. Commissioner,* No. 07–3358, and *Orquera v. Commissioner,* No. 07–3361.

Alter's response impressed the Committee. He took full responsibility for his actions and did not attempt to justify them. Rather, he explained the basis for his conduct and the frustration he has felt in representing applicants in social security disability cases who undoubtedly frequently have extremely limited means, are in bad health, and are perplexed about the proceedings. The Committee believes that there can be no doubt but that while other attorneys are pursuing lucrative areas of the law, Alter is performing a significant public service in representing social security disability claimants in a practice of law that cannot be financially rewarding. Moreover, there is nothing in the record in this case that possibly could suggest that Alter has not acted honestly or that he acted for any reason except in what he

believed was the best interest of his clients.

Notwithstanding the mitigating circumstances, the Committee recommends that the Court publicly reprimand Alter. The Committee is of the view that no matter what Alter's motivations may have been, until the Committee issued its order to show cause he repeatedly violated the directions of panels of this Court with respect to avoiding the type of attacks on administrative law judges that were characteristic of his briefs and he undoubtedly engaged in conduct unbecoming a member of the bar of this Court in violation of Rules 2.3 and 2.4. In the circumstances, while the Committee might have taken a different view if panels of this Court previously had not reprimanded Alter, it believes that a public reprimand is required here. It does not believe, however, that the Court should suspend Alter from the practice of law.